Filed 6/18/13  P. v. West CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C071468 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F08421) |
| v. | |
| JAMES ALLEN WEST, | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Allen West has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

---

[1]     Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

On December 22, 2010, Scott Murray, a hotel valet, noticed some "quick movement" near the park across the street. Three men were on the sidewalk about 50 yards away. One of the men, Reggie Collins, was sitting on the sidewalk with his back toward the buildings while defendant stood over him.

Murray saw defendant swing his right hand down toward Collins's face. Defendant then kicked Collins in the head with his right foot. Both the punch and kick were wild but landed. The third man, who appeared to be urging defendant to leave, had left.

Murray approached the men in an attempt to intervene. As he approached, he heard defendant tell Collins he would "kick your fucking ass." As Murray reached Collins, he saw Collins's face was bloody and his nose was bleeding and bruised. He called 911 from his cell phone for assistance.

Officer Trapani arrived on the scene within minutes. Defendant, who had walked into the park after the assault, had returned and was sitting on the sidewalk near Collins. Both men were intoxicated and there was a bottle of liquor on the ground nearby. Collins, who had lacerations and blood around his ear and eye, was transported to the hospital. Defendant had been wearing boots with steel toes.

Defendant was charged with battery resulting in serious bodily injury (Pen. Code, § 243, subd. (d))[2] and assault with a deadly weapon or with force likely to produce great bodily injury (§ 245, subd. (a)(1)). It was further alleged defendant had a prior serious felony and strike conviction. (§§ 667, subds. (a), (b)-(i), 1192.7, subd. (c).)

Proceedings were suspended from February to August 2011, due to defendant's mental incompetency to stand trial. Jury trial commenced on November 29, 2011. At the

---

[2]    Undesignated statutory references are to the Penal Code.

2

close of the prosecution's evidence, the People dismissed the battery charge for lack of evidence.

The jury found defendant guilty of assault with a deadly weapon and, in a bifurcated court trial, the court found the prior conviction allegations true. The trial court denied defendant's motion to dismiss his prior strike and sentenced him to the lower term of two years, doubled, for the assault and a consecutive five years for the prior serious felony enhancement. The trial court imposed various fines and fees, including a $500 restitution fine, and awarded defendant 918 days of custody credit.

Defendant appeals.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


    BLEASE          , Acting P. J.


We concur:


    NICHOLSON      , J.


    MAURO        , J.